**Ann Margaret Kalisz SHOFNER**

v.

**Robert Stewart SHOFNER.**

Court of Appeals of Tennessee,
Middle Section, at Nashville.

Aug. 18, 2006 Session.

Jan. 30, 2007.

Permission to Appeal Denied by
Supreme Court June 18, 2007.

James L. Weatherly, Jr., Nashville, Tennessee, for the appellant, Robert Stewart Shofner.

Thomas F. Bloom, Nashville, Tennessee, for the appellee, Ann Margaret Kalisz Shofner.

### OPINION

FRANK G. CLEMENT, JR., J., delivered the opinion of the court, in which WILLIAM C. KOCH, JR., P.J., M.S., and WILLIAM B. CAIN, J., joined.

The mother of the parties' three children filed a Dependent and Neglect Petition against the father in Juvenile Court seeking to remove the two children that were in the father's custody pursuant to an order of the Circuit Court. The Juvenile

Court dismissed the Petition following which the father sought to recover his attorney's fees incurred in defending the action. The Juvenile Court denied the father's request, finding no statutory basis for such an award in a dependency and neglect action, which ruling the Circuit Court affirmed. In his appeal to this Court, the father contends courts have authority pursuant to Tenn.Code Ann. § 36–5–103(c) in any suit or action to award attorney fees incurred in enforcing a decree concerning the adjudication of the custody or the change of custody of a child. Finding the father's reliance on Tenn.Code Ann. § 36–5–103(c) correct, we reverse and remand for the award of the father's attorney's fees at trial and on appeal.

This dependency and neglect action is the latest in a series of bitterly contested domestic actions between Robert Stewart Shofner, M.D. ("Father") and Ann Margaret Kalisz Shofner, M.D. ("Mother") concerning their three minor children. The first of the related actions commenced in April of 2001, when Father filed for divorce from Mother after the parties had endured a ten year marriage. Based upon Father's Complaint for Divorce, Mother's Counter Complaint for Divorce, and the many proceedings that ensued, the parties' marriage was comprised of an enduring series of confrontations, discord, and repeated allegations of abuse.

The proceedings leading up to the entry of the divorce decree in June of 2003 were anything but routine, and those that followed are consistent with the past. In September of 2002, the Circuit Court filed a lengthy memorandum opinion and an order limited to the custody of the children, in which the court determined that "the children had been trained to be dysfunctional by living with [Father] and [Mother]...." *Shofner v. Shofner,* 181

S.W.3d 703, 708 (Tenn.Ct.App.2004). Based upon a finding the children had to be separated for their welfare, Father was awarded primary residential custody of the two youngest children, and Mother was awarded primary residential custody of the eldest child. A detailed parenting plan for this arrangement was entered.

Following the entry of the memorandum opinion and order, Mother filed several post-trial motions; however, before the Circuit Court could address the various motions, Mother moved to disqualify the judge based on derogatory characterizations of her in the judge's personal notes, which had been placed inadvertently in the court file. When the Circuit Court Judge declined to recuse herself, Mother filed an interlocutory appeal with this Court. In December of 2002, we granted the interlocutory appeal and remanded the case with instructions that the case be assigned to another judge.[1]

On remand, in February of 2003, Mother moved to vacate the memorandum opinion and order regarding custody and requested custody of all of the children pending a final hearing. In March of 2003, the successor Circuit Court Judge denied the motions, leaving the custody order undisturbed.

In June of 2003, the Circuit Court addressed all remaining issues in the divorce case, including Mother's motion to revise the parenting plan. It was at this time the Circuit Court declared the parties divorced pursuant to Tenn.Code Ann. § 36–4–129(b), based on written stipulations they had both engaged in inappropriate marital conduct, and resolved all remaining issues regarding marital assets and finances.

Mother then perfected another appeal to this Court; however, the appeal did not

---

1. *See Shofner v. Shofner,* 181 S.W.3d 703    (Tenn.Ct.App.2004).

slow the litigious pace in the trial courts.[2] While that appeal was pending, Father requested the Circuit Court order Mother to pay child support and to restrain her from interfering with his parenting. Mother countered, requesting modification of the parenting plan that was the subject of the appeal. It was at this point in the labyrinth of legal proceedings between the parties that Mother sought out a new forum to do battle over the children by filing a Verified Dependent and Neglect Petition in the Juvenile Court of Davidson County, seeking to have the children in Father's custody declared dependent and neglected children.[3]

In the Verified Dependent and Neglect Petition, Mother sought an emergency hearing in Juvenile Court and an order for immediate removal of the two children in Father's custody. On the same day Mother's petition was filed, the Juvenile Court Referee conducted a hearing following which the requested emergency relief was denied. In the Juvenile Court Order, the Referee found that many of Mother's allegations in the dependency and neglect petition overlap with the cases that were simultaneously pending in both the Court of Appeals and the Circuit Court. Further, the Referee found that the remaining allegations did not constitute grounds for a finding of dependency and neglect and, therefore, dismissed the Petition and taxed the costs to Mother.

On February 11, 2004, Mother appealed the Referee's decision to the Juvenile Court Judge. The Juvenile Court Judge affirmed the Referee's decision and award-ed attorney's fees to Father.[4] Thereafter, in June of 2005, the Juvenile Court awarded Father $2,625 in attorney's fees. Mother then filed a motion to vacate the award of attorney's fees, arguing that the court did not have authority to award attorney's fees in dependency and neglect cases. The Juvenile Court Judge agreed and vacated the award of attorney's fees, ruling:

> This action was a thinly disguised effort to circumvent the actions of the circuit court and was completely without merit as a dependent and neglected action. However, it does appear that this Court is prohibited from assessing attorney's fees. While it is apparent that the Petitioner was "forum shopping" to achieve a desired custody outcome, the action itself was filed under Title 37 of the Tennessee Code Annotated for dependent and neglected children, and therefore attorney's fees can not [sic] awarded.

Father appealed the adverse ruling regarding attorney's fees to the Circuit Court. Following a hearing, the Circuit Court also held that there was no statutory basis to award attorney's fees in a dependency and neglect action.

Father now appeals the adverse ruling by the Circuit Court, seeking to recover the attorney's fees he incurred defending Mother's unsuccessful action in the Juvenile Court and his attorney's fees on appeal.

## ANALYSIS

The issue before us presents a question of law. Therefore, the trial court's resolu-

---

**2.** See Shofner v. Shofner, No. M2004–02619–COA–R3–CV, 2006 WL 1501266, at *1 (Tenn. Ct.App. May 31, 2006) perm. app. denied (Tenn. Nov. 20, 2006).

**3.** The dependency and neglect petition was commenced by Mother without notice to or consultation with the Department of Chil-

dren's Services, the Department of Human Services, or any other agency.

**4.** Mother appealed the dismissal of her petition. In May of 2005, an Agreed Order was entered in Circuit Court dismissing Mother's appeal of the dependency and neglect action from Juvenile Court.

tion of these issues is not entitled to Tenn. R.App. P. 13(d)'s presumption of correctness on appeal. We will review the issues *de novo* and reach our own independent conclusions regarding them. *King v. Pope*, 91 S.W.3d 314, 318 (Tenn.2002); *Johnson v. Johnson*, 37 S.W.3d 892, 894 (Tenn.2001).

Father argues that trial courts have statutory authority to award attorney's fees in a dependent and neglected child case under Tenn.Code Ann. § 36–5–103(c). The statute provides that the plaintiff spouse may recover from the defendant spouse "reasonable attorney fees incurred in enforcing any decree ... in regard to *any suit or action* concerning the adjudication of the custody or the change of custody of any child, or children, of the parties ... at any subsequent hearing...."[5] Tenn.Code Ann. § 36–5–103(c) (emphasis added).

Mother contends there is no statutory basis for the award of attorney's fees. She principally relies on *Stroud v. Stroud*, No. 01A01–9501–PB–00008, 1995 WL 498946 (Tenn.Ct.App. Aug.23, 1995), which found no statutory basis for awarding attorney's fees in a dependency and neglect action. As *Stroud* explained, "In order for a court to award attorney's fees, there must first be either a contractual agreement or a statutory right. Otherwise, each party to

a lawsuit ordinarily bears the expense of his own attorney's fees." *Id.* at *2 (citing *State ex rel. Orr v. Thomas*, 585 S.W.2d 606, 607 (Tenn.1979); *State v. Shelby County Bd. of Comm'rs*, 656 S.W.2d 9 (Tenn.App.1983)); *see also State v. Brown & Williamson Tobacco Corp.*, 18 S.W.3d 186, 194 (Tenn.2000).

Like the matter at issue here, *Stroud* was a dependency and neglect action commenced in the Juvenile Court and appealed to the Circuit Court. Unlike the matter at issue, however, the petition was not commenced or maintained by a parent; it was commenced and maintained by the Department of Human Services, a State agency. Even more significant, the mother was never a party to the dependency and neglect proceedings in *Stroud.*

The Juvenile Court in *Stroud* found the minor child was neglected and dependent, which ruling the father appealed to the Circuit Court for Davidson County. *Stroud*, 1995 WL 498946, at *1. While the matter was pending in the Circuit Court, the Juvenile Court judgment was vacated, the appeal was dismissed, and the issue of visitation was remanded to the Probate Court, which had granted the parties' divorce and retained jurisdiction over custody of the children.[6] It was at this time the father filed a motion asking the court to

---

5. Tenn.Code Ann. § 36–5–103(c) provides in full: "The plaintiff spouse may recover from the defendant spouse, and the spouse or other person to whom the custody of the child, or children is awarded may recover from the other spouse reasonable attorney fees incurred in enforcing any decree from alimony and/or child support, or in regard to any suit or action concerning the adjudication of the custody or the change of custody of any child, or children, of the parties, both upon the original divorce hearing and at any subsequent hearing, which fees may be fixed and allowed by the court, before whom such action or proceeding is pending, in the discretion of such court."

6. The Probate Court granted the parties' divorce in 1991 and retained jurisdiction over custody of the parties' child. At all times material to the proceedings in the *Stroud* case, the Probate Court of Davidson County was a county court with State jurisdiction by private act, which jurisdiction included divorces and related proceedings. In 1997, the Probate Court of Davidson County became Division VII of the Circuit Court of Davidson County, Tennessee by Public Act, with exclusive probate jurisdiction and concurrent chancery jurisdiction.

award him his attorney's fees and discretionary costs against the mother. The mother opposed the motion on several grounds, one of which was the fact she had never been a party to the dependency and neglect proceedings in the Juvenile Court where the father incurred the attorney's fees at issue. The Probate Court granted the father's motion to assess the father's attorney's fees against the mother, which ruling the mother appealed.[7] On appeal, this Court set aside the award of attorney's fees against the mother, but on grounds unrelated to the facts of this case. As the *Stroud* court explained, "We are of the opinion that the probate court erred in assessing costs and attorney's fees against the Mother since the Mother was not a party to the petition filed by [the Department of Human Services]." [8] *Id.* at *4.

Although we are in full agreement with the *Stroud* court that the father's attorney's fees could not be assessed against the mother in that case because she was never a party to the Juvenile Court proceeding, the case at bar presents substantially different material facts. Here, the dependency and neglect action was commenced and maintained by Mother. Moreover, it was commenced and maintained while Father had custody of the children pursuant to a valid order of the Circuit Court and while the parties were actively litigating similar issues in both the Circuit Court and the Court of Appeals.

Mother's dependency and neglect action in the Juvenile Court constituted a challenge to the Circuit Court's custody order. By resisting the dependency and neglect action in the Juvenile Court, Father was attempting to enforce the Circuit Court's custody decree which granted custody of the two youngest children to Father. Tenn.Code Ann. § 36–5–103(c) provides:

> The plaintiff spouse may recover from the defendant spouse, and the spouse or other person to whom the custody of the child, or children, is awarded may recover from the other spouse reasonable attorney fees incurred in enforcing any decree for alimony and/or child support, or in regard to any suit or action concerning the adjudication of the custody or the change of custody of any child, or children, of the parties, both upon the original divorce hearing and at any subsequent hearing, which fees may be fixed and allowed by the court, before whom such action or proceeding is pending, in the discretion of such court.

Father incurred attorney fees and costs successfully enforcing the Circuit Court decree concerning custody of the parties' children. By successfully enforcing the earlier custody decree, Father is entitled to recover reasonable attorney fees pursuant to Tenn.Code Ann. § 36–5–103(c). The fact Mother chose a different forum in which to challenge a valid custody decree does not impair Father's right pursuant to

---

**7.** The father requested that his attorney's fees and costs be assessed against both the State of Tennessee and the mother. The Probate Court correctly held there was no legal basis on which it could assess against the State of Tennessee attorney's fees or costs the father incurred in a dependency and neglect proceeding.

**8.** As the Stroud court correctly held:
> The [Mother] was not a named party brought by the Department of Human Services against the Father in the juvenile court. The pleadings in the juvenile and circuit courts are styled *"State of Tennessee Department of Human Services v. Jimmy Stroud"* and *"State of Tennessee, In the matter of: Mary Paige Stroud."* The order entered in the circuit court refers to "the petition filed by the Department of Human Services" and "proof by the State of Tennessee." The order does not in any way refer to the plaintiff's Mother.
> *Stroud,* 1995 WL 498946, at *3–4.

Tenn.Code Ann. § 36–5–103(c) to recover his attorney's fees.

The Juvenile Court determined Father was entitled to recover attorney's fees in the amount of $2,625 prior to setting that order aside upon the mistaken belief it lacked authority to do so. The amount of the award was not disputed; only the authority to make the award. Accordingly, we remand the matter to the Circuit Court to award Father $2,625 for attorney's fees he incurred defending the challenge to the custody order in the Juvenile Court.

Father also seeks to recover the attorney's fees he incurred on appeal. We have concluded he is entitled to recover reasonable attorney's fees incurred on appeal, which would include the proceedings in the Circuit Court and this court. Tenn.Code Ann. § 36–5–103(c) leaves the award of attorney's fees to the discretion of the trial court. We therefore remand the issue to the Circuit Court to determine the amount of attorney's fees to be awarded to Father with regard to the appeal.

### In Conclusion

The judgment of the Circuit Court is reversed, and this matter is remanded to the Circuit Court for further proceedings consistent with this opinion. Costs of appeal are assessed against appellee, Ann Margaret Kalisz Shofner.