# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### April 19, 2011 Session

## ALAN BRADLEY POUNDERS v. TIFFANY WHITE POUNDERS

**Direct Appeal from the Circuit Court for Shelby County**
**No. CT-004907-08      Jerry Stokes, Judge**

---

**No. W2010-01510-COA-R3-CV - Filed August 31, 2011**

---

This is an appeal of an award of attorney fees in a post-divorce matter. The father had filed a petition to modify the permanent parenting plan, seeking to increase his parenting time and reduce his child support obligation. Approximately six months later, after Father's discovery deposition was taken, he asked the court to dismiss his petition to modify without prejudice. The trial court dismissed the petition but awarded the mother $20,000 for her attorneys' fees. The father appeals, arguing that the trial court lacked authority to award attorney fees and that the amount awarded was arbitrary and unreasonable. We find that the trial court had the authority to award attorney's fees, but due to the lack of findings by the trial court regarding the reasonableness of the fee award, we vacate the award and remand for further proceedings.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Vacated and Remanded**

ALAN E. HIGHERS, P.J., W.S., delivered the opinion of the Court, in which DAVID R. FARMER, J., and J. STEVEN STAFFORD, J., joined.

Leslie Gattas Coleman, Keating Lowery, Memphis, Tennessee, for the appellant, Alan Bradley Pounders

Loys A. "Trey" Jordan, III, Joseph B. Baker, Memphis, Tennessee, for the appellee, Tiffany White Pounders

**OPINION**

## I. FACTS & PROCEDURAL HISTORY

Alan Bradley Pounders ("Father") and Tiffany White Pounders ("Mother") married in 1996 and had three children. They were divorced on January 7, 2009. The permanent parenting plan incorporated by the final decree of divorce provided that Father would have 50 days of residential time with the children, but his parenting time was to be supervised due to Father's continuing treatment for alcoholism. Mother was to have 315 days of residential time with the children. The parenting plan required Father to pay $1,045 in child support to Mother each month.

Shortly after the divorce, both parties filed petitions for contempt, which were eventually dismissed by consent. Father also petitioned the court to designate a new supervisor for his visitation. Then, on August 3, 2009, Father filed a petition to modify the permanent parenting plan, in which he sought an increase in his parenting time. He alleged that a material change in circumstances existed, in part, because he was in the recovering stages of his alcoholism. He further alleged that Mother had been attempting to "frustrate" his contact with the children and that the parties had disagreements about the parenting arbitrator who had been chosen to decide issues regarding Father's supervised visitation. Father claimed in his petition that he was fully capable of caring for the children, "both supervised and unsupervised." Father submitted a proposed parenting plan that would increase his parenting time with the children to 104 days per year and decrease Mother's parenting time to 261 days. Regarding child support, Father's proposed parenting plan utilized different figures for the parties' gross incomes than those that had been used in the initial parenting plan, and his plan proposed to reduce Father's child support obligation from $1,045 per month to $519 per month. Father also requested that he be awarded his attorney's fees for presenting the petition to modify.

Mother's attorney subsequently withdrew as counsel for Mother, and Mother retained another attorney, who filed a response in opposition to Father's petition to modify the parenting plan. Mother denied that Father was entitled to any relief and requested that the court award her attorney's fees and discretionary costs for defending against the petition. The parties began the process of discovery, and Father's discovery deposition was taken, at which he initially insisted that he had been clean and sober for several months with no lapses in his recovery. However, Mother had previously hired a private investigator to investigate Father's activities, and based upon the results of that investigation, her attorney questioned Father at his deposition about his frequent use of the inhalant nitrous oxide. Father then admitted to purchasing and inhaling nitrous oxide multiple times a day.

Less than one month later, on February 12, 2010, an order was entered by the trial court which stated that Father desired to dismiss his petition to modify the parenting plan without prejudice. However, the order provided that the issue of attorney's fees was reserved and not dismissed by the order. Mother then filed a motion for attorney's fees pursuant to Tennessee Code Annotated section 36-5-103(c), and she attached to her motion the affidavit of her current attorney and his billing records, in addition to the affidavit of her former attorney and her billing records. Mother's current attorney's affidavit stated that he and attorneys at his firm had billed 95.8 hours on Mother's case through February 7, 2010, with attorney's fees totaling $26,202.50. Mother estimated in her motion that she would incur an additional $4,000 in attorney's fees by the date of the hearing on her motion. The affidavit and billing records from her previous attorney listed 26.3 hours billed and $8,651 in attorney's fees and expenses that Mother had incurred dating back to August of 2009. In sum, Mother claimed that she had incurred over $38,000 in attorney's fees, and she asked that Father be ordered to pay the full amount of the fees she incurred.

Father filed a response to Mother's motion for attorney's fees, in which he argued that Mother was not entitled to attorney's fees pursuant to Tennessee Code Annotated section 36-5-103(c) because she was not a "prevailing party" due to the fact that he voluntarily dismissed his petition. He also argued that the billing entries submitted by Mother's attorneys reflected charges that were not attributable to the petition to modify. Father submitted the affidavit of another attorney who practices in the area of domestic relations law, who stated that he had reviewed Mother's motion and supporting documentation, and that it was his opinion that only some of the billing entries were related to the petition to modify, while others were related to other issues in the case. The attorney attached to his affidavit a copy of the billing entries at issue with a star written beside the entries which he deemed relevant to the petition to modify.

The trial court held a hearing on the motion for attorney's fees, at which it heard arguments of counsel. However, the court did not hear testimony or receive evidence at the hearing, as Father had not requested an evidentiary hearing. Counsel for Father argued at the hearing that only about $9,900 of Mother's attorney's fees could be traced to the petition to modify based on the billing records submitted. Mother's counsel continued to argue that Mother should be awarded the total amount of fees she incurred, which exceeded $38,000. The trial court ultimately awarded Mother $20,000 in attorney's fees, and Father timely filed a notice of appeal.

## II.  ISSUES PRESENTED

On appeal, Father presents the following issues, slightly restated, for review:

1.  Whether the trial court erred in awarding attorney's fees to Mother when the petition to modify was voluntarily dismissed by Father and did not result in a final adjudication; and
2.  Whether the trial court abused its discretion by awarding an arbitrary and unreasonable amount of attorney's fees that was not supported by the record.

Both Father and Mother have requested an award of attorney's fees incurred on appeal.  For the following reasons, we vacate the award of attorney's fees and remand for further proceedings consistent with this opinion.

## III.  STANDARD OF REVIEW

The decision to award attorney fees and the amount of fees awarded are matters resting within the sound discretion of the trial court.  *Melvin v. Johnson-Melvin*,  No. M2004-02106-COA-R3-CV, 2006 WL 1132042, at *9 (Tenn. Ct. App. Apr. 27, 2006).  Our Supreme Court recently summarized the standard of review applicable to a trial court's decision regarding a reasonable attorney's fee as follows:

> The trial court's determination of a reasonable attorney's fee is "a subjective judgment based on evidence and the experience of the trier of facts," *United Med. Corp. of Tenn., Inc. v. Hohenwald Bank & Trust Co.*, 703 S.W.2d 133, 137 (Tenn. 1986), and Tennessee has "no fixed mathematical rule" for determining what a reasonable fee is. *Killingsworth v. Ted Russell Ford, Inc.*, 104 S.W.3d 530, 534 (Tenn. Ct. App. 2002).  Accordingly, a determination of attorney's fees is within the discretion of the trial court and will be upheld unless the trial court abuses its discretion. *Kline v. Eyrich*, 69 S.W.3d 197, 203 (Tenn. 2002); *Shamblin v. Sylvester*, 304 S.W.3d 320, 331 (Tenn. Ct. App. 2009).  We presume that the trial court's discretionary decision is correct, and we consider the evidence in the light most favorable to the decision. *Henderson v. SAIA, Inc.*, 318 S.W.3d 328, 335 (Tenn. 2010); *Keisling v. Keisling*, 196 S.W.3d 703, 726 (Tenn. Ct. App. 2005).  The abuse of discretion standard does not allow the appellate court to substitute its judgment for that of the trial court, *Williams v. Baptist Mem'l Hosp.*, 193 S.W.3d 545, 551 (Tenn. 2006); *Myint v. Allstate Ins. Co.*, 970 S.W.2d 920, 927 (Tenn. 1998), and we will find an abuse of discretion only if the court "applied incorrect legal standards, reached an illogical conclusion, based its decision on

-4-

a clearly erroneous assessment of the evidence, or employ[ed] reasoning that causes an injustice to the complaining party." *Konvalinka v. Chattanooga–Hamilton Cnty. Hosp. Auth.*, 249 S.W.3d 346, 358 (Tenn. 2008); see also *Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 524 (Tenn. 2010).

**Wright ex rel. Wright v. Wright**, No. M2008-01181-SC-R11-CV, --- S.W.3d ---, 2011 WL 1136245, at *7 (Tenn. Mar. 29, 2011). "Unless it 'affirmatively appears that the trial court's decision was against logic or reasoning, and caused an injustice or injury to the party complaining,' the trial court's exercise of discretion will not be reversed on appeal." **Pace v. Pace**, No. M2009-01037-COA-R3-CV, 2010 WL 1687740, at *12 (Tenn. Ct. App. W.S. Apr. 26, 2010) (quoting *Marcus v. Marcus*, 993 S.W.2d 596, 601 (Tenn. 1999)).

## IV. DISCUSSION

### A. *Authority to Award Attorney's Fees*

"In Tennessee, courts follow the American Rule, which provides that litigants must pay their own attorney's fees unless there is a statute or contractual provision providing otherwise." **Taylor v. Fezell**, 158 S.W.3d 352, 359 (Tenn. 2005) (citing *State v. Brown & Williamson Tobacco Corp.*, 18 S.W.3d 186, 194 (Tenn. 2000)). Tennessee Code Annotated section 36-5-103(c) provides, in relevant part:

> (c) . . . [T]he spouse or other person to whom the custody of the child, or children, is awarded may recover from the other spouse reasonable attorney fees incurred in enforcing any decree for alimony and/or child support, or in regard to any suit or action concerning the adjudication of the custody or the change of custody of any child, or children, of the parties, both upon the original divorce hearing and at any subsequent hearing, which fees may be fixed and allowed by the court, before whom such action or proceeding is pending, in the discretion of such court.

Thus, "[i]n cases involving the custody and support of children, it has long been the rule in this State that counsel fees incurred on behalf of minors may be recovered when shown to be reasonable and appropriate." **Taylor**, 158 S.W.3d at 359 (quotation omitted). There is no absolute right to such fees, but "'their award in custody and support proceedings is familiar and almost commonplace.'" **Id.** (quoting *Deas v. Deas*, 774 S.W.2d 167, 170 (Tenn. 1989)).

Tennessee Code Annotated section 36-5-103(c) "has been interpreted as allowing for the award of attorney's fees to a party defending an action to change a prior order on the theory that the defending party is enforcing the prior order." **Hansen v. Hansen**, No.

M2008-02378-COA-R3-CV, 2009 WL 3230984, at *3 (Tenn. Ct. App. Oct. 7, 2009) (citing *Shofner v. Shofner*, 232 S.W.3d 36, 40 (Tenn. Ct. App. 2007); *Scofield v. Scofield*, No. M2006-00350-COA-R3-CV, 2007 WL 624351, at *7 (Tenn. Ct. App. Feb. 28, 2007)). Accordingly, "[a] trial court has the authority to award a parent his or her attorney's fees incurred in the defense of a petition to modify custody provisions of a final decree of divorce." *Maynor v. Nelson*, No. M2005-02362-COA-R3-CV, 2006 WL 3421288, at *5 (Tenn. Ct. App. Nov. 27, 2006) (citing Tenn. Code Ann. § 36-5-103(c)). An award of fees is allowed in this situation on the theory that the defending custodial party is enforcing the prior order for the benefit of the children. *Wilson v. Baines*, No. M2009-00249-COA-R3-CV, 2009 WL 4175862, at *6 (Tenn. Ct. App. Nov. 25, 2009).

Here, Father argues that the aforementioned statute is inapplicable because it references suits concerning "custody," and Father only sought an increase in his parenting time as opposed to a change in the designation of primary residential parent.[1] We reject Father's narrow reading of the statute. Tennessee Code Annotated section 36-5-103(c) has previously been applied in cases involving petitions to modify visitation. *See, e.g.*, *Demonbreun v. Demonbreun*, No. M2004-02105-COA-R3-CV, 2005 WL 3555545, at *8 (Tenn. Ct. App. E.S. Dec. 28, 2005) (noting that an award was authorized under the statute because visitation is "an obvious aspect of custody"); *D v. K*, 917 S.W.2d 682, 686 (Tenn. Ct. App. 1995) (noting that visitation is "an adjunct of custody"); *see also* *Taylor*, 158 S.W.3d at 360 (finding an award appropriate where the father "sought to have his parenting time altered"). As such, the trial court did not lack the authority to make an award pursuant to Tennessee Code Annotated section 36-5-103(c) simply because Father sought an increase in parenting time rather than a change in the primary residential parent designation.

Father also argues that the aforementioned statute does not authorize an award of attorney's fees in this case because he voluntarily dismissed his petition prior to a final adjudication by the trial court. Father claims that there must be a "change or award of child custody" before attorney's fees can be awarded. Again, we find no support for Father's narrow interpretation of the statute. "The custodial spouse in a divorce case 'may recover from the other spouse reasonable attorney's fees incurred' in any proceeding involving the establishment or enforcement of that obligation." *Melvin*, 2006 WL 1132042, at *9 (citing Tenn. Code Ann. § 36-5-103). The relevant statutory language provides that "the spouse or other person to whom the custody of the child, or children, is awarded may recover from the other spouse *reasonable attorney fees incurred* in enforcing any decree for alimony and/or child support, or *in regard to any suit or action concerning the adjudication of the custody or the change of custody of any child*, or children, of the parties, both upon the original divorce hearing and at any subsequent hearing[.]" Tenn. Code Ann. § 36-5-103(c) (emphasis

---

[1] Father does not raise this precise argument in his brief, but it was presented at oral argument.

added).  Here, Father's petition and proposed parenting plan sought to have his child support decreased and his parenting time increased.  By opposing Father's petition, Mother was attempting to enforce the court's previous child support order, in a suit or action that also concerned the adjudication of custody.

The parties have not cited any cases in which a court has considered whether it is appropriate to award attorney's fees pursuant to section 36-5-103(c) when a petition for *custody or visitation* is voluntarily dismissed prior to a hearing, and we have not encountered any in our research.  However, in ***Hansen v. Hansen***, No. M2008-02378-COA-R3-CV, 2009 WL 3230984, at *3 (Tenn. Ct. App. Oct. 7, 2009), a father voluntarily dismissed his petition to modify *child support* at the beginning of the hearing on the matter, and this Court held that it was appropriate for the trial court to award the mother her attorney's fees "[i]n light of the fact that Mother's counsel had to prepare for the hearing as if the issue of support would be litigated."  Similarly, in the case before us, we find no abuse of discretion in the trial court's decision to award Mother her attorney's fees that were incurred in preparation of litigating the issues raised in Father's petition.  One of the benefits of section 36-5-103(c) is that awarding attorney's fees to the custodial parent "discourages vexatious petitions by the noncustodial parent."  Janet Leach Richards, *Richards on Tennessee Family Law*, § 14-3(a)(3) (2d ed. 2004).  That purpose would not be served if the other spouse could simply dismiss his or her petition prior to the hearing in order to avoid payment of the custodial spouse's attorney's fees.

In sum, we find no abuse of the trial court's discretion in its decision to award Mother her attorney's fees, as such an award was authorized by Tennessee Code Annotated section 36-5-103(c).

### B.    The Amount of Fees Awarded

Next, Father challenges the amount of attorney's fees awarded to Mother as arbitrary and unreasonable.  As previously discussed, Mother submitted the affidavit of her current attorney and his billing records, in addition to the affidavit of her former attorney and her billing records, in support of her request for the trial court to award her over $38,000 in attorney's fees.  The billing records were 33 pages in length, and they contained what Mother estimates to be 425 billing entries,[2] calculated to the tenth of an hour, regarding the time that Mother's attorneys had devoted to her case since August of 2009.  (Father's petition to modify was filed on August 3, 2009.)  In response, Father submitted the affidavit of another domestic relations attorney who opined that some of the billing entries submitted by Mother's

---

[2] We have not counted the individual billing entries but have no reason to doubt Mother's estimation as to the number of entries.

-7-

attorneys were not related to the petition to modify. He conceded that some of the entries were relevant, particularly where the billing entry specifically mentioned the petition to modify. Some other entries were clearly related to the parties' petitions for contempt, which had been dismissed by consent, and the attorney marked those entries as irrelevant. The basis for many of the entries was not readily apparent, however, and the attorney deemed those entries irrelevant to the petition to modify. For example, general entries such as "Telephone call to client regarding meeting" or "Telephone call with client concerning history of litigation, conduct of ex-husband, and issues concerning supervision of parenting time" were marked as irrelevant and not included in Father's calculation of awardable attorney's fees. In short, Father argued that the billing entries submitted only proved that about $9,900 of the claimed amount was related to defending against the petition to modify. The trial court ultimately awarded Mother $20,000 in attorney's fees, although it did not provide an explanation as to how it reached that figure. On appeal, Father argues that the $20,000 award has "no logical basis in the record" and constitutes "a random figure based on nothing before the Court." As such, Father claims that the $20,000 award is arbitrary and must be reversed.

The Eastern Section of this Court considered a similar argument in ***First Peoples Bank of Tennessee v. Hill***, 340 S.W.3d 398, 410 (Tenn. Ct. App. 2010), after a trial court simply awarded a certain amount of attorney's fees without discussing either the amount of the fees or their reasonableness in its memorandum opinion. When faced with the task of reviewing such an award on appeal, the Court explained:

> Normally, this court will afford the trial judge who has handled the pre-trial proceedings and presided over the trial considerable discretion in determining a reasonable attorney's fee. *Jerry T. Beech Concrete Contractor, Inc. v. Larry Powell Builders, Inc.*, No. M2001-02709-COA-R3-CV, 2003 WL 726955 at *3 (Tenn. Ct. App. M.S., filed March 4, 2003). When the trial court has exercised its discretion in light of the appropriate factors and found the fee to be reasonable, we simply review for abuse of discretion. *Id.* Where, however, there is no finding that the fee is reasonable, and no way to ascertain whether the court made the award in light of the appropriate factors, there is no way for us to accord the normal deference to the trial court.
>
> . . . Where a trial court awards a fee, but there is nothing in the record to indicate that the trial court actually evaluated the amount of the fee to see if it is reasonable in light of the appropriate factors, the correct approach is to vacate the award and "remand [the] case to the trial court for a new determination of an attorney's fee award under [Supreme Court Rule 8, RPC 1.8] and the applicable case law." *Ferguson Harbour Inc. v. Flash Market, Inc.*, 124 S.W.3d 541, 553 (Tenn. Ct. App. 2003). That is exactly the situation

before us. Accordingly, we will vacate the award of attorney's fees and, rather than try to make a determination in the first instance, remand to the trial court for determination of a reasonable fee. We express no opinion as to whether the fees sought by the Bank . . . are reasonable or not.

*Id.* In the case before us, the trial court's order awarding $20,000 in attorney's fees simply states the amount of fees being awarded without mentioning their reasonableness, and there is no way to ascertain whether the court made the award in light of the appropriate factors.[3] Based upon the reasoning expressed in *Hill*, we vacate the trial court's award and remand for such other proceedings as are necessary and consistent with this opinion, including a determination of a reasonable attorney's fee and findings that make appellate review of the award possible.

### C.    Fees on Appeal

Both parties have requested an award of their attorney fees on appeal. Tennessee Code Annotated section 36-5-103(c) also applies to awards on appeal and vests in this Court the discretionary authority to make such an award in proper cases. *Pippin v. Pippin*, 277 S.W.3d 398, 407 (Tenn. Ct. App. 2008); *see also* *Shofner v. Shofner*, 232 S.W.3d 36, 41 (Tenn. Ct. App. 2007). We find it equitable to decline both parties' requests for attorney's fees on appeal.

### V.    CONCLUSION

For the aforementioned reasons, we vacate the trial court's award of attorney's fees and remand for further proceedings consistent with this opinion. Costs of this appeal are taxed equally to the appellant, Alan Bradley Pounders, and the appellee, Tiffany White Pounders, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, P.J., W.S.

---

[3] At the hearing on the motion for attorney's fees, no one mentioned the applicable factors for determining a reasonable fee. The trial judge simply stated at the conclusion of the parties' arguments, "I'm going to do this. I'm going to award you an attorney fee, [counsel], of $20,000."