# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### February 5, 2018 Session

## LARA C. STANCIL v. TODD A. STANCIL

**Appeal from the Circuit Court for Williamson County**
**No. 2014-382      Michael Binkley, Judge**

_____

### No. M2017-01485-COA-R3-CV

_____

In this post-divorce dispute, Mother filed a petition to modify parenting time and obtained an ex parte restraining order based upon Father's physical altercation with his wife during parenting time with the parties' children. After a hearing in December 2015, the trial court suspended Father's parenting time until he took steps to address his anger management issues. At a review hearing in August 2016, the trial court determined that the suspension of Father's parenting time was no longer in the best interest of the children and adopted the recommendations of Father's psychologist concerning the reintegration of Father into the lives of the children. The trial court subsequently awarded Mother her attorney fees and discretionary costs incurred throughout the case. On appeal, Father asserts that he should have been awarded his attorney fees for the period of time after the December 2015 hearing and that the trial court erred in awarding Mother her discretionary costs for the same period. Both parties seek their attorney fees on appeal. We affirm the trial court's award of attorney fees in full. With respect to discretionary costs, we affirm the trial court's award with the exception of the costs of preparation and travel, which are not authorized by Tenn. R. Civ. P. 54.04. Each party shall pay his or her own attorney fees and costs on appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed in Part, Reversed in Part and Remanded**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which RICHARD H. DINKINS and W. NEAL MCBRAYER, JJ., joined.

Phillip R. Newman, Franklin, Tennessee, for the appellant, Todd A. Stancil.

Venus Brannan Niner and Ronda Y. Spurlock, Franklin, Tennessee, for the appellee, Lara C. Stancil.

# OPINION

## FACTUAL AND PROCEDURAL BACKGROUND

Lara C. Stancil ("Mother") and Todd A. Stancil ("Father") were divorced in Alabama in 2008 and, at that time, they had two minor children, Katheryn (Katy), born in April 1999, and Stephen, born in August 2001. In accordance with the parties' settlement agreement, which was incorporated into the divorce decree, Mother was the primary residential parent for the two children. Mother eventually moved with the children to Brentwood, Tennessee, and the Alabama divorce decree was registered in Williamson County in March 2015. Father moved to Clarksville, Tennessee.

During Father's parenting time with the parties' daughter in April 2014, he had an altercation with Katy. Mother filed a petition for dependency and neglect in the juvenile court in Williamson County based upon the altercation between Father and Katy. Father agreed to limited parenting time and began counseling with the children, and Mother participated in the counseling, too. In September 2014, the court entered an agreed order dismissing the petition and reinstating Father's original parenting schedule with the children.

Father moved to Chattanooga in July 2015. During their first weekend with Father in Chattanooga, the children witnessed a physical altercation between Father and his wife. Upset by this episode, the children left Father's house and called Mother and the police. Father was arrested and charged with domestic assault. (The charges were ultimately dismissed and expunged.) After this incident, Father did not exercise his parenting time for several weeks.

When Father notified Mother of his desire to resume his parenting time with the children in Chattanooga, Mother responded by requesting and obtaining an ex parte restraining order and filing a petition to modify parenting time. After a hearing on December 29, 2015, the trial court suspended Father's parenting time and, in an order entered on February 5, 2016, set a review date for March 4, 2016, at which time the court would give Father "an opportunity to prove that he is capable of dealing with his anger management issues and to get to a point where he can have a real relationship with at least his son."

In January 2016, Father began seeing a psychologist, David Solovey, Ph.D. On July 22, 2016, Father filed a motion to reestablish parenting time with the children along with a progress report from Dr. Solovey. Mother opposed Father's motion. The trial court reset the trial for August 29-30, 2016, and determined that it would consider Father's motion at that time.

At the conclusion of the August 2016 trial, the trial court found that the suspension of Father's parenting time was "no longer in the children's best interests." The court adopted Dr. Solovey's recommendations in their entirety, appointed Father's choice of Jay Woodman, Ph.D., to serve as the reintegration therapist, and adopted Father's proposed reunification counseling timeline.

The trial court reserved the issue of attorney fees and discretionary costs and requested that the parties submit post-trial briefs. On February 21, 2017, the court issued an order in which it awarded Mother $33,950.00 in attorney fees incurred throughout the case, and $8,267.92 in discretionary costs. Father filed a motion to alter or amend, which was denied by the trial court on June 27, 2017, in a memorandum and order.

On appeal, Father argues: (1) that the trial court erred in awarding Mother her attorney fees from December 29, 2015, through the end of the trial in August 2016, and that the trial court should have awarded Father his attorney fees incurred after the hearing on December 29, 2015, through the end of the August 2016 hearing; (2) that the trial court erred in awarding Mother all of her discretionary costs incurred from December 29, 2015, through the end of the trial in August 2016; and (3) that Father should be awarded his attorney fees and costs associated with this appeal. Mother argues that she should be awarded her attorney fees and costs on appeal.

STANDARD OF REVIEW

Our review is de novo upon the record, accompanied by a presumption of correctness of the trial court's findings of fact, unless the preponderance of the evidence is otherwise. TENN. R. APP. P. 13(d); *Armbrister v. Armbrister*, 414 S.W.3d 685, 692 (Tenn. 2013). We review a trial court's conclusions of law de novo, according them no presumption of correctness. *Armbrister*, 414 S.W.3d at 692; *Rigsby v. Edmonds*, 395 S.W.3d 728, 734 (Tenn. Ct. App. 2012).

A trial court's decision to award attorney fees or discretionary costs is reviewed under the abuse of discretion standard. *Andrews v. Andrews*, 344 S.W.3d 321, 340 (Tenn. Ct. App. 2010). Similarly, the decision to award attorney fees incurred on appeal lies solely within the discretion of the appellate court. *Id.* A trial court abuses its discretion when it "causes an injustice by applying an incorrect legal standard, reaches an illogical result, resolves the case on a clearly erroneous assessment of the evidence, or relies on reasoning that causes an injustice." *Gonsewski v. Gonsewski,* 350 S.W.3d 99, 105 (Tenn. 2011) (citing *Wright ex rel. Wright v. Wright*, 337 S.W.3d 166, 176 (Tenn. 2011)). Under the abuse of discretion standard, the appellate court's role is not to substitute its judgment for that of the trial court, but rather to presume that the trial court's decision is correct and to "review the evidence in the light most favorable to the decision." *Id.* at 105-06 (citing *Wright*, 337 S.W.3d at 176).

ANALYSIS

I. Attorney Fees

Father does not contest the attorney fees awarded to Mother for legal services provided through the conclusion of the hearing on December 29, 2015, when the trial court suspended Father's parenting time. Father's position is that he was the prevailing party at the trial on August 29-30, 2016, and that the trial court abused its discretion in failing to award him attorney fees for legal services provided from December 30, 2015, through the August 2016 trial. We disagree.

Father bases his argument on Tenn. Code Ann. § 36-5-103(c), which states:

The plaintiff spouse may recover from the defendant spouse, and the spouse or other person to whom the custody of the child, or children, is awarded may recover from the other spouse reasonable attorney fees incurred in enforcing any decree for alimony and/or child support, or in regard to any suit or action concerning the adjudication of the custody or the change of custody of any child, or children, of the parties, both upon the original divorce hearing and at any subsequent hearing, which fees may be fixed and allowed by the court, before whom such action or proceeding is pending, *in the discretion of such court*.

(Emphasis added). The purpose of attorney fee awards under Tenn. Code Ann. § 36-5-103(c) is "to protect the children's, not the custodial parent's, legal remedies." *Sherrod v. Wix*, 849 S.W.2d 780, 785 (Tenn. Ct. App. 1992); *see also Stack v. Stack*, No. M2014-02439-COA-R3-CV, 2016 WL 4186839, at *13 (Tenn. Ct. App. Aug. 4, 2016).

Although the language of Tenn. Code Ann. § 36-5-103(c) does not state that a litigant must be the prevailing party in order to receive attorney fees under the statute, cases interpreting this provision generally require that the party awarded attorney fees be the prevailing party. *See, e.g.*, *Taylor v. Fezell*, 158 S.W.3d 352, 360 (Tenn. 2005) (stating that Tenn. Code Ann. § 36-5-103(c) provides "a basis to award attorney's fees to the successful litigant"); *Thayer v. Thayer*, No. M2015-00194-COA-R3-CV, 2016 WL 4056316, at *7 (Tenn. Ct. App. July 26, 2016) (citing Tenn. Code Ann. § 36-5-103(c) for the proposition that "the prevailing party in child support proceedings may recover from the other spouse reasonable attorney's fees"); *Shofner v. Shofner*, 232 S.W.3d 36, 40 (Tenn. Ct. App. 2007) ("By successfully enforcing the earlier custody decree, Father is entitled to recover reasonable attorney fees pursuant to Tenn. Code Ann. § 36-5-103(c).").

Under Tenn. Code Ann. § 36-5-103(c), a trial court has discretion regarding the award of attorney fees. *Wiser v. Wiser*, No. M2013-02510-COA-R3-CV, 2015 WL

1955367, at *11 (Tenn. Ct. App. Apr. 30, 2015). A party need not prevail on every issue in order to be considered the prevailing party for purposes of attorney fees. *Id.*, at *10. In the present case, Mother initiated the proceedings in order to protect the children from Father's anger and potential for violence. At the December 29, 2015 hearing, the trial court set the case for a review so that Father would have the opportunity to prove he was capable of reestablishing a relationship with his children. As Mother argues, "All the litigation that followed was necessitated by [Father's] conduct and measures which were required in order for him to redeem himself and convince the trial court that he was no longer a danger to his minor children." Without further court action, Father could not have contact with his children. Mother opposed Father at this hearing, and Father was successful in satisfying the trial court that he should be allowed to begin seeing his son.[1]

The trial court made the following pertinent findings in its memorandum and order denying Father's motion to alter or amend:

> [Mother] was the prevailing party because the entire case before the Court was based upon her *Petition*, which asserted serious allegations affecting the emotional health of the parties' two minor children and to which [Mother] sought to modify the parenting schedule and to suspend [Father's] parenting time. . . .
>
> Additionally, while this Court relied upon the testimony of [Father's] expert witness, Dr. Solovey, to aid in determining the most appropriate method for facilitating a relationship with [Father] and the minor children, [Mother] was still the prevailing party overall with regard to modifying the parenting schedule and suspending [Father's] parenting time. [Father] suggests the Court should determine the prevailing party by fragmenting each stage of the proceedings into a winner and loser column and award wins and losses according to each separate skirmish's result. However, such a framework would effectively ignore the overall resolution in a case, and this Court cannot analyze in a vacuum with disregard as to ripple effects each stage in the proceedings has in its culmination and resolution. . . . Therefore, this Court finds [Mother] was the prevailing party because she succeeded on the significant issues and she achieved the benefit . . . which she sought in bringing her suit.

Mother's petition was filed to protect the interests of the parties' children. The trial court found that the evidence supported an award of $33,950 in attorney fees "because the parties' children would not have had access to the courts had [Mother] not

---

[1] By the time of the December 2016 hearing, the parties' daughter had reached the age of majority.

been reimbursed in this case."[2]  Under the circumstances of this case, we find no abuse of discretion in the trial court's decision to award Mother her attorney fees for the entire proceeding, from the beginning when Father's parenting time was suspended to the end when his parenting time was reinstated.

## II.  Discretionary Costs

Rule 54.04(2) of the Tennessee Rules of Civil Procedure[3] governs a trial court's authority to award discretionary costs:

> Costs not included in the bill of costs prepared by the clerk are allowable only in the court's discretion.  Discretionary costs allowable are: reasonable and necessary court reporter expenses for depositions or trials, reasonable and necessary expert witness fees for depositions (or stipulated reports) and for trials, reasonable and necessary interpreter fees not paid pursuant to Tennessee Supreme Court Rule 42, and guardian ad litem fees; travel expenses are not allowable discretionary costs.

To award discretionary costs under Tenn. R. Civ. P. 54.04(2), a trial court must determine that the requesting party is the prevailing party.  *Mass. Mut. Life Ins. Co. v. Jefferson*, 104 S.W.3d 13, 35-36 (Tenn. Ct. App. 2002).  Father acknowledges that Mother was entitled to discretionary costs up to and through the December 29, 2015 hearing but argues that he was the prevailing party at the trial in August 2016 and that the trial court erred in awarding Mother her discretionary costs after the December 29, 2015 hearing through the August 2016 trial.  As discussed above, we conclude that Mother was the prevailing party for the entire proceeding.

To properly award discretionary costs, a trial court must also limit the award to costs specifically identified in Tenn. R. Civ. P. 54.04.  *Jefferson*, 104 S.W.3d at 35-36. At issue here is the trial court's inclusion in its award of the entire invoice amounts of Leslie Owzley, counselor for Katy, and Jennifer Lackey, counselor for Father.  Ms. Owzley's invoice shows charges for travel, file review, deposition prep, and meeting with an attorney, in addition to time spent in the actual deposition.  Rule 54.04(2) of the Tennessee Rules of Civil Procedure does not allow discretionary costs to be awarded for preparing for a deposition, only for actually testifying at a deposition.  *See Chaffin v. Ellis*, 211 S.W.3d 264, 293 (Tenn. Ct. App. 2006); *Shahrdar v. Global Hous., Inc.*, 983

---

[2] Mother earned approximately $40,000 per year as a teacher; Father earned approximately $160,000 per year.

[3] Mother argues that Tenn. Code Ann. § 36-5-103(c) provides an independent source of authority for a trial court's award of discretionary costs.  Her only support for this proposition is *D v. K*, 917 S.W.2d 682, 686 (Tenn. Ct. App. 1995).  We do not interpret *D v. K* to hold that a trial court may award discretionary costs pursuant to Tenn. Code Ann. § 36-5-103(c) in contravention of Tenn. R. Civ. P. 54.04.

S.W.2d 230, 239 (Tenn. Ct. App. 1998). The charge of $800 on the day of the deposition (four hours at the rate of $200 per hour) indicates that it includes travel time and additional preparation with the attorney. Only the amount attributable to the deposition itself should be included in discretionary costs.

Ms. Lackey's bill likewise includes time spent preparing for her deposition and for trial. Again, time spent in preparation for a deposition or for trial is not properly includable in discretionary costs. *Chaffin*, 211 S.W.3d at 293; *Shahrdar*, 983 S.W.2d at 239. Father also makes the argument that "the record is clear that the Trial Court did not rely on [Ms. Lackey's] testimony at all in reaching and rendering a decision at the trial on August 29-30, 2016." He asserts that the trial court erred in awarding discretionary costs related to Ms. Lackey's trial testimony "as those costs were not reasonable and necessary to the presentation of her proof." We disagree with the latter argument. As the trial court stated in its memorandum and order entered on June 27, 2017, its reliance on Dr. Solovey's recommendations does not negate the value of Ms. Lackey's testimony. The trial court determined these costs to be reasonable and necessary and did not base its award of discretionary costs on the weight it gave to a particular witness's testimony. Thus, with the exception of those items mentioned above not allowed under Tenn. R. Civ. P. 54.04(2), we find no abuse of discretion in the trial court's award of discretionary costs.

III. Attorney Fees on Appeal

Both parties have requested that this Court award them their attorney fees and related costs on appeal. Tennessee Code Annotated section 36-5-103(c) gives appellate courts discretion to award attorney fees to the prevailing party. *Andrews*, 344 S.W.3d at 340; *Pippin v. Pippin*, 277 S.W.3d 398, 407 (Tenn. Ct. App. 2008). In light of the outcome of the issues on appeal, we conclude that the parties should bear the cost of their own attorney fees on appeal.

CONCLUSION

The judgment of the trial court is affirmed in part and reversed in part, and this matter is remanded for further proceedings consistent with this opinion. Costs of appeal are assessed equally against both parties.

_____
ANDY D. BENNETT, JUDGE